**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **INNOMEMORY, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | **A-22-CV-00838-ADA-DTG** |
| ***v.*** | § | |
| | § | |
| **SUNFLOWER BANK, N.A.,** | § | |
| *Defendant.* | § | |
| | § | |

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

TO:   **THE HONORABLE ALAN D ALBRIGHT,**
    **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Sunflower Bank, N.A.'s Motion to Dismiss for Ineffective Service of Process (ECF No. 9). After carefully considering the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

## I.    FACTUAL BACKGROUND

Plaintiff Innomemory, LLC sued Defendant Sunflower Bank, N.A. for patent infringement of U.S. Patent Nos. 6,240,046 and 7,057,960. ECF No. 1. Defendant is a federally chartered bank with its principal place of business in Denver, Colorado. Defendant's registered Texas agent is Paracorp Incorporated, located at 14001 W. Highway 29, Suite 102, Liberty Hill, Williamson County, Texas 78642. ECF No. 9-1. Plaintiff requested and received a summons issued by the

Court for service on Defendant's registered agent, Paracorp Incorporated, located at 14001 W. Highway 29, Suite 102, Liberty Hill, Williamson County, Texas 78642. Plaintiff then filed an executed copy of the summons showing that it had served the Texas Secretary of State. ECF No. 8. Soon after, Defendant filed this Motion to Dismiss. ECF No. 9. After the Motion to Dismiss was filed, Plaintiff filed another executed copy of the summons revealing that it had served a foreign registered agent of Defendant, Paracorp Incorporated, located at 95 Emerson St. #601, Denver, Colorado 80218. ECF No. 15.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides that a party may move to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

Under Federal Rule of Civil Procedure 4, service may be effected by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4.

Texas law provides the mandatory methods of serving a financial institution. Under Texas Civil Practice and Remedies Code § 17.028, non-credit union financial institutions may be served only by "(1) serving the registered agent of the financial institution; or (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state." Tex. Civ. Prac. & Rem. Code. § 17.028; *see also U.S. Bank Nat'l Ass'n v. Moss*, 644

2

S.W.3d 130, 137 (Tex. 2022), reh'g denied (May 27, 2022) ("compliance with section 17.028 is mandatory and provides the exclusive methods of service for financial institutions.").

## III.   DISCUSSION

Defendant argues that Plaintiff failed to properly serve it, as Defendant is a non-credit union financial institution and Plaintiff did not serve its registered agent as required by section 17.028. ECF No. 9 at 3. Defendant asserts that because it has a registered agent in Texas, Plaintiff needed to serve its registered agent in Texas. *Id.* Defendant argues that Plaintiff's service on the Texas Secretary of State was not appropriate because Texas Civil Practice and Remedy Code § 17.028 provides the only method of service on Defendant, and even if service on the Texas Secretary of State was appropriate under § 17.044, Plaintiff does not qualify under any of the section's requirements. *Id.* at 4. Finally, Defendant asserts that service on its registered agent in Colorado is improper because the statute does not contemplate service on a foreign agent. ECF No. 17 at 2–3.

Plaintiff contends that it properly served Defendant through the Texas Secretary of State because Plaintiff tried to serve its Texas registered agent but with reasonable diligence was unable to, as its process server stated that the address shown for the registered agent on the summons was "a bad address." ECF No. 16 at 2. Plaintiff asserts that its service on the foreign registered agent was "[i]n an attempt to further satisfy the issue of improper service." *Id.*

The Court finds that Plaintiff failed to properly serve Defendant. Texas law provides a mandatory and exclusive method to serve a foreign financial institution. Plaintiff does not appear to dispute that Texas law mandates that service is effective only if made upon the financial institution's registered agent for service of process in Texas. *See generally* ECF No. 16. Defendant maintains a registered agent for service of process in Texas. ECF No. 9-1. Plaintiff did not serve

this agent, thereby breaching the mandatory and exclusive method of serving Defendant under Texas law. Plaintiff does not establish that service on Defendant's foreign registered agent complies with § 17.028. The statute does not allow service on a president or branch manager in a foreign state, suggesting that service on a foreign agent would also be improper. *See Morrell v. DFS Servs., LLC*, 2021 WL 4137523, at *1 (N.D. Tex. Mar. 10, 2021) (expressing doubt that service on a foreign registered agent is appropriate under § 17.028 and noting that "[a] Texas registered agent seems to be the better agent for service of a lawsuit in Texas.").

Because § 17.028 is mandatory and exclusive, service on the Texas Secretary of State under Texas Civil Practice and Remedies Code § 17.044 is not appropriate. In any event, even if § 17.044 applied, Plaintiff did not prove that it met its requirements—notably, that *two* unsuccessful attempts were made on different business days to serve each agent. *See* Tex. Civ. Prac. & Rem. Code § 17.044. Plaintiff has failed to prove that it properly served Defendant.

## IV.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss (ECF No. 9) be **GRANTED**.

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar

that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 14th day of August, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE